UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

VIOREL DRAGHIA　　　　　　　　　　*

　　　Plaintiff

v.　　　　　　　　　　　　　　　　　*

PATRIOT CONSTRUCTION, LLC et al.　*

　　　Defendants　　　　　　　　　　*　　　　CASE NO. 1:22-CV-03341-GLR

******************************************************************************

# RESPONSE AND INCORPORATED MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Comes now the Plaintiff, Viorel Draghia, by and through his undersigned counsel, hereby files this Response and Incorporated Memorandum of Law in Opposition to Defendants, Patriot Construction, LLC's ("Patriot") and The Hartford Casualty Insurance Company's, ("Hartford") Motion to Dismiss, and in support thereof states as follows:

## I. Introduction

### a. Relevant Background

This case arises out of Patriot's failure to pay the Plaintiff[1] for materials and labor supplied in a workmanlike manner by the Plaintiff for two construction subcontracts. Both subcontracts arose from prime contracts for renovations to federal government buildings, which

---

[1] Defendants claim that the Plaintiff's trade names: "Draghia Painting and Contracting" and "Draghia Painting and Contracting Co.," somehow exhibit the existence of separate legal persons who allegedly subtracted with Patriot. This argument is wholly inappropriate based on the well-pleaded facts in the Complaint, which must be assumed for purposes of the Defendant's Motion to Dismiss. The Complaint sets for Mr. Draghia's trade name and alleges in the very first paragraph that he individually conducts his contracting business. Also Mr. Draghia asserts that he did in fact subcontract with Patriot in paragraph 9 of the Complaint. The Defendants improperly argue in their memorandum and assert that Plaintiff did *not* contract; and that Exhibits 1 & 2 to their memorandum somehow demonstrate that Mr. Draghia did not individually contract wither Patriot.

the Army Corps of Engineers awarded to the Patriot[2]. Both prime contracts, the first known as "Building 3072 CCDC Renovation" and the second called "Building 4220 Renovation," were for work and materials to refurbish sections of buildings located on the United States' Federal Government Property at Aberdeen Proving Ground (APG), Maryland. Patriot subcontracted portions of the work required under both prime contracts to the Plaintiff. Complaint at paragraph 9. Plaintiff was to supply and install insulation, drywall, acoustic ceiling and grid for ceiling tiles, metal stud framing, and windows and additionally daily clean-up and debris removal for the second floor of building 3702 and the third floor of building 4220. *Id*. During performance of the subcontracted work, the Plaintiff was directed and required by Patriot to perform additional work, outside the scope and specifications of the original subcontracts, and he adequately and promptly performed such work. Pursuant to the terms of the subcontracts, the Plaintiff submitted to Patriot several applications for payment for the work performed and his certified payrolls for the workers who labored for the Plaintiff. The Plaintiff also submitted proposed change orders and requests for additional payment for the additional work that the Plaintiff was directed and required to perform. Upon Plaintiff's information and belief, Patriot requested and received payment from the contracting officers of the owner for the work that the Plaintiff performed, but has refused to pay the Plaintiff in full for the work performed on both projects. Patriot has failed to submit to the procurement officers timely requests for change orders, failed to make timely payments to the Plaintiff and delayed and impeded the Plaintiff's ability to perform his work, thereby causing him damages and ultimately preventing him from completing his contract. This litigation stems from Patriot's refusal to pay Mr. Draghia and the resulting notice to Patriot that because of lack of payment he had to cease work on the subcontracts.

---

[2] During this same timeframe, Patriot awarded Mr. Draghia a third subcontract, under which he also performed and was fully paid which is not at issue in this case.

## II. Standard of Review

When considering a motion to dismiss or a Rule 12(b)(6) challenge, federal courts are required to "accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). A complaint survives a motion to dismiss for failure to state a claim upon which relief can be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Knickman v. Prince George's County*, 187 F.Supp.2d 559, 563 (D. Md. 2002). Dismissal may be appropriate if the complaint's facts fail to state a viable claim. *Id*. However, where a legitimate factual dispute between the parties exists, a case cannot be decided at the motion to dismiss phase. *Gilbert v. Freshbikes, LLC*, 32 F.Supp.3d 594 (D. Md. 2014).

The Plaintiff has sufficiently set forth facts that support his claims for relief, which are detailed below. A clear contractual relationship exists between the Plaintiff and Patriot, and the Plaintiff is entitled to relief from each Defendant under the Miller Act and the payment bonds.

## III. Arguments

### a. There are no other potential Plaintiff(s)

The Plaintiff is the party who individually contracted with Patriot and signed both subcontracts. The Defendants would have this court ignore the required motion to dismiss standard to accept all well pleaded allegations and waste its time hunting for fictional entities that the Plaintiff explains from the outset **do not exist**. As stated the Complaint's very first paragraph asserts that the Plaintiff did business as the parties listed in the subcontracts. The Defendants do not allege that the Plaintiff misled them into believing that either "Draghia

3

Painting and Contracting" and "Draghia Painting and Contracting Co." were actually incorporated or anything other than trade names used by the individual Plaintiff.

Plaintiff agrees that the court can look at the subcontracts attached to the Motion to Dismiss for evaluation, but the court must review them in the light most favorable and based on the factual allegations of the Complaint. Here, when the court undertakes that analysis and accepts the averment that the Plaintiff individually contracted using his trade name(s), the Court will find that Mr. Draghia signed both subcontracts as "Owner" in 2020. Further had the Defendants bothered to search Mr. Draghia's licensure records in his home state of Virginia, they would have discovered that he is indeed licensed as a sole proprietor and lists his trade name with the Virginia Department of Professional and Occupational Regulation (DPOR). See Mr. Draghia's current license status from DPOR, attached hereto and incorporated herein as Exhibit A. There are no corporations or companies who subcontracted here, only Mr. Draghia. If the Defendants have shown the court anything that may be cause for a question over any other actual or real parties in interest, then those entities existence and if they contracted with Patriot is clearly a matter of disputed material fact that needs to be litigated, and which cannot be dealt with by a mere Motion to Dismiss.

    **b. The Plaintiff is in direct contractual privity with Patriot and therefore has standing to sue pursuant to the Miller Act.**

The Miller Act states that any person who has "furnished labor or material in the prosecution of the work provided for" in a contract and who has not been paid in full within 90 days after the last labor was performed or material supplied, "may bring suit on the payment bond for the unpaid balance." Miller Act, 40 USC § 3131 (2022). Additionally, any person who has a direct contractual relationship with a subcontractor "but no contractual relationship,

express or implied, with the contractor" shall also have a right of action upon the payment bond "upon giving written notice to said contractor within ninety days." *Id*. It is clear that the Plaintiff therefore had no obligation to give notice to Patriot.

The purpose of the Miller Act is to provide adequate payment protection to contractors, tradespeople, suppliers and material men who work on federal public projects in lieu of the protections they might otherwise receive under state statutes with respect to construction of non-federal projects. Such protection extends to subcontractors or individuals who work directly with subcontractors in addition to general contractors. It is not intended to "impose liability on the payment bond in situations where it is difficult or impossible for the prime contractor to protect himself." *U.S. v. Blount Bros. Const. Co.*, 168 F.Supp. 407, 410 (D. Md. 1958). The method of protection in the Miller Act is inadequate to "cope with remote and undeterminable liabilities." *Id*. Therefore, only subcontractors "who perform part of the original contract" and who "are well known to [the prime contractor]" are provided for by the Act, so the prime contractor is aware of the potential liabilities he faces. *Id*. As a result, the sub-sub-contractors, who the prime contractor has no reason to know of, are required to provide a notice. Here, the Plaintiff contracted *directly* with Patriot for the services and materials rendered under these contracts. The Plaintiff has a cause of action against Patriot and Patriot's surety Hartford.

In this case, it is indisputable that the Plaintiff and the Defendant Patriot entered into two express subcontracts, establishing a direct contractual relationship between them. The Defendants' argument that the Plaintiff lacks contractual privity or that they wre required to ser4ve notices is merely an attempt to evade responsibility and to continue to delay the time when Defendants will be compelled to pay for the benefits the Plaintiff has conferred upon Patriot and the U.S. Government. In addition to the factual inaccuracy that no express

relationship existed, the Defendants' argument is entirely contrary to the purpose of the Miller Act and would allow Patriot and its surety to fail to pay the Plaintiff confer the benefits of the materials and services provide without complete payment therefore. Further, lest the court be misinformed by the Defendants, notice of the claims for Miller act claims, is only required where the claim is made by a lower tier subcontractor where the general contractor may be unaware that the claimant has not been paid. Here, clearly Patriot, the general contractor, under the well pleaded facts of the Complaint, is clearly aware of its potential liability to the Plaintiff under their express subcontracts. Of course Patriot long before this suit occurred knew that it has failed and refused to pay Mr. Draghia what he claims he is owed. Patriot was in direct contact with the Plaintiff and was fully aware of the labor he was performing pursuant to the terms of the subcontracts and that they caused him to have to withdraw from his performance of the subcontracts specifically because of their non-payment. To argue that notice was required of the claim is insulting and fails to acknowledge even the most basic facts pleaded in the Complaint, not to address the attempt to mislead the court about the legal requirements of Notice under the Miller Act.

**c. The Plaintiff is not required to have a construction license in the state of Maryland to perform work on a federal project to qualify for relief under the Miller Act.**

The Supreme Court and several federal courts have held that federal Miller Act rights trump state statutes that preclude certain claims under the Act. In *F.D. Rich* Co., *Inc. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116 (1974), the Supreme Court addressed whether state laws could be used to provide attorney's fees to a Miller Act claimant where that right was not provided by federal law. The court held that "where there was no evidence of congressional intent to incorporate state law, the application of uniform federal law better served the reasonable

expectations of potential litigants under the Miller Act." *F.D. Rich* Co., *Inc. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 127 (1974). The Court further explained that applying federal law is more appropriate because it is common for federal contracts to involve construction in more than one state, many of which federal contractors have little to no contact. *Id*. In *Technica LLC ex rel United States v. Carolina Casualty Insurance Co.,* 749 F.3d 1149 (9th Cir. 2014), the 9th Circuit relied on this reasoning to conclude that state licensing requirements should similarly not be enforced in cases involving the Miller Act. The Court found that enforcing state licensing requirements against Miller Act claims would wreak havoc on the application of the Act. *Id*. Clearly, the Plaintiff's rights and remedies under the Miller Act **may not** be and are not conditioned by state law. The Court explained that it is a routine practice for subcontractors to bid on multiple projects across state lines and requiring federal contractors to comply with state licensing requirements would be entirely contrary to Congress's intent in enacting the Miller Act. *Id*.

As is clearly supported by cases across the country and by the Supreme Court, the Plaintiff in this case was not and is not required to have obtained a license in the state of Maryland (or any other state for that matter[3]) in order to work on the federal project and to qualify for the pleaded remedies under the Miller Act. The Defendants' argument that the Plaintiff is barred from relief under the Miller Act because he is not licensed in the state is completely unavailing and misguided if not blatantly wrong and flatly inconsistent with virtually all the precedent established under the Miller Act since its inception.

---

[3] The Plaintiff is licensed as a Commercial Contractor with commercial and residential specialties in Virginia.

**d. The Plaintiff may directly sue the Defendant, Patriot Construction, LLC, in addition to its surety pursuant to the Miller Act.**

The Miller Act allows subcontractors to bring a claim against both the contractor and its surety, which is routine practice for claimants to do. Under the Miller Act, the claimant "*may* sue the surety alone without the inclusion of the contractor as a defendant." *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967). The Act "confers a right to sue on the payment bond independent of any right to sue the contractor." *United States ex rel. Henderson v. Nucon Constr. Corp.*, 49 F.3d 1421, 1423 (9th Cir. 1995). Plaintiffs may choose to sue both the contractor and its surety, or just its surety. There is a valid cause of action under the Miller Act to bring a suit against both.

The Plaintiff has every right to sue both Patriot and its surety in this case, as is authorized by the Miller Act, because both Defendants are liable in this case for the refusal to pay the Plaintiff for his labor and supplied materials. If there are disputes of material fact about the signer of the contract or the contracting parties, the value or adequacy of performance or even any setoffs, those disputes are what the discovery and litigation process is meant to resolve.

## IV. Conclusion

For the reasons set forth herein, the Defendants' Motion to Dismiss should be denied.

Dated: March 20, 2023	/s/ *Brian D. Lyman*
	Brian D. Lyman (bdl@hbdlaw.com)
	Federal Bar No. 27360
	Sarah E. Brown (seb@hbdlaw.com)
	Federal Bar No. 1014784
	HILLMAN, BROWN & DARROW, P.A.
	221 Duke of Gloucester Street
	Annapolis, Maryland 21401
	410-263-3131, (Fax) 410-269-7912
	Attorney for Viorel Draghia

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2023, in accordance with FRCP 5(a) and Local Rule 102.1(c) that I electronically filed a copy of the Motion to Dismiss with the Clerk of the Court using the Court's CM/ECF electronic filing system and sent a copy of the foregoing by first-class mail, postage prepaid to the following:

>Michael C. Zisa
>Jennifer L. Harris
>PECKAR & ABRAMSON, P.C.
>2055 L Street, NW, Ste. 750
>Washington, DC  20036
>E-mail: mzisa@pecklaw.com
>E-mail: jharris@pecklaw.com
>Counsel for Defendants Patriot Construction, LLC
>and The Hartford Casualty Insurance Company

>/s/ *Brian D. Lyman*
>Brian D. Lyman (bdl@hbdlaw.com)