UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VIOREL DRAGHIA**, <br><br> Plaintiff, <br><br> v. <br><br> **PATRIOT CONSTRUCTION, LLC, et al.,** <br><br> Defendants. | Case No.: 1:22-CV-03341-JMC |

### DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF VIOREL DRAGHIA'S COMPLAINT AND COUNTERCLAIM

Defendant, The Hartford Casualty Insurance Company's ("The Hartford"), through the undersigned counsel, pursuant to Fed. R. Civ. P. 12 and 8, hereby files this Answer and Affirmative Defenses to Plaintiff Viorel Draghia's ("Draghia") Complaint, and responds to the allegations in each paragraph of the Complaint as follows:

1. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations contained in paragraph 1.

2. Pursuant to the Court's October 19, 2023 Order, Patriot is no longer a Defendant in this action. Regarding Patriot Construction LLC ("Patriot") principal place of business, Patriot is located at 3240 Ferry Landing Road, Dunkirk, MD 20754.

3. The Hartford admits the allegations set forth in paragraph 3.

4. Paragraph 4 sets forth a legal conclusion to which no response is required. To the extent a response is required, The Hartford admits that, upon information and belief, Patriot was awarded a contract for the Building 3072 Renovation at Aberdeen Proving Ground, the terms of which speak for themselves, and that Patriot was the general contractor for the construction of the

Building 3072 Renovation Project. The Hartford denies all remaining allegations set forth in paragraph 4.

  5. The Hartford admits only that, upon information and belief, Patriot was awarded a contract for the Building 4220 Renovation at Aberdeen Proving Ground, the terms of which speak for themselves, and that Patriot was the general contractor for the construction of the Building 4220 Renovation Project. The Hartford denies all remaining allegations set forth in paragraph 5.

  6. The Hartford admits the allegations set forth in paragraph 6.

  7. Paragraph 7 sets forth a legal conclusion to which no response is required.

  8. The Hartford admits only that it issued Bond Nos. 30BCSIF3041 and 30BCSHT8716 with Patriot as principal for Building 3072 and 4220, the terms of which speak for themselves. The Hartford denies all remaining allegations set forth in paragraph 8.

  9. Upon information and belief, The Hartford admits that Patriot entered into subcontracts with Draghia for Building 3072 and 4220, the terms of which speak for themselves.

  10. The Hartford admits that Patriot entered into subcontracts with Draghia for Building 3072 and 4220, the terms of which speak for themselves. The Hartford is without sufficient knowledge or information to admit or deny the truth of the remaining allegations set forth in Paragraph 10.

  11. The Hartford admits that Patriot entered into subcontracts with Draghia Painting and Contracting for Building 3072 and 4220, the terms of which speak for themselves. The Hartford is without sufficient knowledge or information to admit or deny the truth of the remaining allegations set forth in Paragraph 11.

  12. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in Paragraph 12.

13. The Hartford is without sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 13.

14. The Hartford is without sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 14.

15. The Hartford is without sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 15.

16. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in Paragraph 16.

17. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in Paragraph 17.

18. Denied.

19. Denied.

20. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in Paragraph 20.

21. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in Paragraph 21.

22. The Hartford is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in Paragraph 22.

23. Paragraph 23 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the averments in Paragraph 23 are denied.

## COUNT I
### (BREACH OF CONTRACT – PATRIOT CONSTRUCTION, LLC)

24. Pursuant to the Court's October 19, 2023 Order, Count I has been dismissed in its entirety. Therefore, no response is required for paras. 24-28.

## COUNT II
### (MILLER ACT – BREACH OF CONTRACT – PATRIOT CONSTRUCTION, LLC)

29. Pursuant to the Court's October 19, 2023 Order, Count II has been dismissed in its entirety. Therefore, no response is required for paras. 29-32.

## COUNT III
### (MILLER ACT – SURETY)

33. The Hartford incorporates its responses to Paragraphs 1-32 of this Answer as if fully stated herein.

34. Paragraph 34 sets forth a legal conclusion to which no response is required.

35. Paragraph 35 sets forth a legal conclusion to which no response is required. The Hartford denies all remaining allegations in paragraph 35.

36. Paragraph 36 sets forth a legal conclusion to which no response is required. The Hartford denies all remaining allegations in paragraph 36.

37. Paragraph 37 sets forth a legal conclusion to which no response is required. The Hartford denies all remaining allegations in paragraph 37.

## COUNT IV
### (MILLER ACT – SURETY)

38. The Hartford incorporates its responses to Paragraphs 1-37 of this Answer as if fully stated herein.

39. Paragraph 39 sets forth a legal conclusion to which no response is required.

40. Paragraph 40 sets forth a legal conclusion to which no response is required. The Hartford denies all remaining allegations in Paragraph 40.

41. Paragraph 41 sets forth a legal conclusion to which no response is required. The Hartford denies all remaining allegations in Paragraph 41.

42. Paragraph 42 sets forth a legal conclusion to which no response is required. The Hartford denies all remaining allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES

1. Draghia fails to state a claim upon which relief may be granted.

2. Draghia's claims are barred by the terms of the Bond.

3. Draghia's claims are barred by the terms of the Subcontract.

4. Draghia's claims are subject to the defenses of the Payment Bond principal, Patriot Construction, LLC, and The Hartford is entitled to the benefit of same as a defense barring and/or limiting any action against the Bond.

5. Draghia's claims are barred by the doctrine of set off.

6. Draghia's claims are barred by the doctrine of unclean hands.

7. Draghia's claims are strictly limited by and to the terms of the Miller Act and any claims not permitted under the Miller Act are barred.

8. Draghia's claims are barred to the extent that Draghia failed to comply with the conditions precedent to a Miller Act claim.

9. The Hartford further denies all allegations not expressly admitted to in this Answer.

10. The Hartford reserves the right to assert defenses that are discovered during the court's discovery in this matter.

## COUNTERCLAIM

Defendant and Counter-Plaintiff The Hartford Casualty Insurance Company ("The Hartford" or "Surety"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 13, hereby files this Counterclaim against Plaintiff Viorel Draghia ("Draghia" or "Counter-Defendant"), and states as follows:

## PARTIES

1. The Hartford is an Indiana corporation with its principal place of business at 201 N Illinois St, 16th Floor, Indianapolis, Indiana 46204. The Hartford is and at all times relevant to the alleged claims has been in business as a surety company, issuing payment and other surety bonds in connection with construction projects.

2. Upon information and belief, Viorel Draghia is the sole proprietor of Draghia Painting & Contracting, with his principal residence and place of business at 13336 Pocomoke Court, Woodbridge, Virginia, 22192.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction over this Counterclaim because (1) there is complete diversity between the Plaintiff and the Defendant and (2) the amount in controversy exceeds $75,000.

4. Pursuant to 28 U.S.C. § 1391(b)(2), the proper venue for this action is in the United States District Court for the District of Maryland, Northern Division, because a substantial part of the events giving rise to this claim occurred in Harford County, Maryland.

## FACTUAL ALLEGATIONS

5. Patriot Construction LLC ("Patriot") entered into two contracts with the United States Army Corps of Engineers (the "Owner") for work to be performed at Aberdeen Proving Ground (together, the "Projects"): contract W912DR19C0039 for the renovations at Building 3072 and contract W91ZLK-13-D0029 for renovations at Building 4220.

6. Pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, The Hartford issued a Payment and Performance Bond (the "Bonds") for work performed on each Project, with Patriot as the Principal and the Owner as Obligee.

7. As a requirement for issuing bonds on behalf of Patriot, including the Bonds, Patriot was required to execute and executed a General Indemnity Agreement in favor of The Hartford, pursuant to which Patriot assigned to The Hartford all rights and claims related to subcontracts related to bonded contracts.

### Building 3072

8. On or about March 9, 2020, Patriot subcontracted with "Draghia Painting & Contracting" for the performance of framing, blocking, insulation, drywall, fire calking, and ceiling work on the Building 3072 Project, for $1,457,129.00 (the "Building 3072 Subcontract").

9. Pursuant to Article 3 of the Subcontracts, Draghia agreed to proceed with the Scope of Work "in a prompt and diligent manner."

10. Additionally, Draghia agreed through Article 10 that he contracted to "supply sufficient, properly skilled workers, or materials or equipment of the proper quality and quantity;" "prosecute the work with promptness and diligence;" and "maintain the schedule of Work."

11. Throughout the Building 3072 Project, Draghia failed to fully and faithfully perform his obligations under the Building 3072 Subcontract. Specifically, Draghia failed to provide the necessary manpower and project management to prosecute the work in accordance with the Project schedules; failed to perform his work in a skilled and expeditious manner; and failed to comply with the Terms of the Subcontract by failing to correct its defective work.

12. On February 4, 2022, Draghia abandoned the Building 3072 Project.

13. On February 8, 2022, Patriot issued a notice to cure its default demanding that Draghia cure its default on the Building 3072 Project within two (2) calendar days of Subcontractor's receipt of the notice.

14. Draghia failed to remedy its defaults, therefore, on February 23, 2022, Patriot issued a notice of termination indicating that Patriot will proceed with the completion of the work included in the Building 3072 Subcontract, and will deduct the cost from any money due or thereafter to become due to Draghia.

15. As a result of Draghia's failures, Patriot incurred costs in excess of $926,674.95, plus additional labor and management costs, to repair and remediate damage caused by Draghia and to supplement, complete, and correct Draghia's work on the Building 3072 Subcontract.

### Building 4220

16. On or about May 5, 2020, Patriot subcontracted with "Draghia Painting & Contracting Co." for the performance of framing, blocking, insulation, drywall, fire calking, and ceiling work on the Building 4220 Project, for $335,995.00 (the "Building 4220 Subcontract").

17. Pursuant to Article 3 of the Subcontracts, Draghia agreed to proceed with the Scope of Work "in a prompt and diligent manner."

18. Additionally, Draghia agreed through Article 10 that he contracted to "supply sufficient, properly skilled workers, or materials or equipment of the proper quality and quantity;" "prosecute the work with promptness and diligence;" and "maintain the schedule of Work."

19. Throughout the Building 4220 Project, Draghia failed to fully and faithfully perform his obligations under the Building 4220 Subcontract. Specifically, Draghia failed to provide the necessary manpower and project management to prosecute the work in accordance with the Project schedules; failed to perform his work in a skilled and expeditious manner; and failed to comply with the Terms of the Subcontract by failing to correct its defective work.

20. On February 4, 2022, Draghia abandoned the Building 4220 Project.

21. On February 8, 2022, Patriot issued a notice to cure its default demanding that Draghia cure its default on the Building 4220 Project within two (2) calendar days of Subcontractor's receipt of the notice.

22. Draghia failed to remedy its defaults, therefore, on February 23, 2022, Patriot issued a notice of termination indicating that Patriot will proceed with the completion of the work included in the Building 4220 Subcontract, and will deduct the cost from any money due or thereafter to become due to Draghia.

23. As a result of Draghia's failures, Patriot incurred costs in excess of $104,829.31, plus additional labor and management costs, to repair and remediate damage caused by Draghia and to supplement, complete, and correct Draghia's work on the Building 4220 Subcontract.

## COUNT ONE: BREACH OF CONTRACT
### (Building 3072)

24. The Hartford incorporates Paragraphs 1 through 23 as if fully stated herein.

25. Patriot entered a valid and enforceable Building 3072 Subcontract with Draghia.

26. Patriot fully and faithfully fulfilled its obligations under the Building 3072 Subcontract.

27. Draghia was required to perform the work and its obligations under the Building 3072 Subcontract in accordance with and subject to each of the provisions of the Contract Documents to the fullest extent that each such provision applies to the Work.

28. Draghia breached the Building 3072 Subcontract by failing to perform its work in a skilled and expeditious manner, failing to comply with the terms and conditions of the Building 3072 Subcontract, failing to provide the requisite and necessary manpower, and by failing to correct its defective work.

29. As a direct and proximate result of Draghia's breaches of the Building 3072 Subcontract, Patriot has incurred additional direct costs in excess of $926,674.95, plus additional labor and management costs.

30. As the Assignee to Patriot's rights and claims under the Building 3072 Subcontract, and pursuant to its rights of legal and equitable subrogation, The Harford is entitled to assert Patriot's claims against Draghia.

**WHEREFORE**, Defendant The Hartford Casualty Insurance Company respectfully requests that this Court enter judgment in its favor and against Plaintiff/Counter-Defendant Viorel Draghia for all damages sustained by Patriot as a result of Draghia's default plus pre- and post-judgment interest, attorney's fees, costs, and any other relief deemed just and appropriate by this Court.

## COUNT TWO: BREACH OF CONTRACT
### (Building 4220)

31. The Hartford incorporates Paragraphs 1 through 30 as if fully stated herein.

32. Patriot entered a valid and enforceable Building 4220 Subcontract with Draghia.

33. Patriot fully and faithfully fulfilled its obligations under the Subcontract.

34. Draghia was required to perform the work and its obligations under the Building 4220 Subcontract in accordance with and subject to each of the provisions of the Contract Documents to the fullest extent that each such provision applies to the Work.

35. Draghia breached the Building 4220 Subcontract by failing to perform its work in a skilled and expeditious manner, failing to comply with the terms and conditions of the Building 4220 Subcontract, failing to provide the requisite and necessary manpower, and by failing to correct its defective work.

36. As a direct and proximate result of Draghia's breaches of the Building 4220 Subcontract, Patriot has incurred additional direct costs in excess of $104,829.31, plus additional labor and management costs.

37. As the Assignee to Patriot's rights and claims under the Building 4220 Subcontract, and pursuant to its rights of legal and equitable subrogation, The Harford is entitled Patriot's claims against Draghia.

**WHEREFORE**, Defendant The Hartford Casualty Insurance Company respectfully requests that this Court enter judgment in its favor and against Plaintiff/Counter-Defendant Viorel Draghia for all damages sustained by Patriot as a result of Draghia's default, plus pre- and post-judgment interest, attorney's fees, costs, and any other relief deemed just and appropriate by this Court.

Dated: November 22, 2023                                   Respectfully submitted,


                                                           */s/ Jennifer L. Harris*
                                                           Michael C. Zisa (Bar No. 15382)
                                                           Jennifer L. Harris (Bar No. 20645)
                                                           PECKAR & ABRAMSON, P.C.
                                                           2055 L Street, NW, Suite 750
                                                           Washington, DC 20036
                                                           Tel: (202) 293-8815
                                                           Fax: (202) 293-7994
                                                           E-mail: mzisa@pecklaw.com
                                                           E-mail: jharris@pecklaw.com
                                                           **Counsel for The Hartford**
                                                           **Casualty Insurance Company**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November 2023, in accordance with FRCP 5(a) and Local Rule 102.1(c), I electronically filed a copy of the Motion to Dismiss with the Clerk of

the Court using the Court's CM/ECF electronic filing system, and sent a copy of the foregoing by first-class mail, postage prepaid to the following:

>Brian D. Lyman, Esq.
>Sarah E. Brown, Esq.
>Hillman, Brown & Darrow, P.A.
>221 Duke of Gloucester Street
>Annapolis, Maryland 21401
>**Counsel for Viorel Draghia**

>*/s/ Jennifer L. Harris*
>Jennifer L. Harris