UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VIOREL DRAGHIA | * | |
| Plaintiff | * | |
| v. | * | |
| PATRIOT CONSTRUCTION, LLC, et al. | * | |
| Defendants | * | CASE NO. 1:22-CV-03341-GLR |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ANSWER TO COUNTERCLAIM</u>

Comes now the Plaintiff, Viorel Draghia, by its undersigned counsel, and hereby files this Answer and Affirmative Defenses to the Defendant, The Hartford Casualty Insurance Company's (hereinafter "The Hartford") Counterclaim and responds to the allegations in each paragraph as follows:

1.      The Plaintiff admits the allegations set forth in paragraph 1.

2.      The Plaintiff admits the allegations set forth in paragraph 2.

3.      The Plaintiff admits the allegations set forth in paragraph 3.

4.      The Plaintiff admits the allegations set forth in paragraph 4.

5.      The Plaintiff admits the allegations set forth in paragraph 5.

6.      The Plaintiff admits the allegations set forth in paragraph 6.

7.      The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 7.

8.      The allegations of paragraph 8 are denied.  The Contract signatures are dated March 12, 2020, and it was signed in blank by the Plaintiff, who returned it to Paul Bradford. The Plaintiff does not know the date that Mr. Bradford added the scope and countersigned.

9.      The Plaintiff admits the allegations set forth in paragraph 9 and notes that the Plaintiff completed such work in a prompt and diligent manner.

10.     The Plaintiff states for the allegations in paragraph 10 that the terms of the contract speak for themselves.

SEB:BDL:jam:bdl/19668/120823

11.     The Plaintiff denies the allegations in paragraph 11.  The Plaintiff incorporates the allegations included in its Complaint previously filed in this case.  The Plaintiff completed work as contracted and The Harford failed to pay as required under the contract.

12.     The Plaintiff denies the allegations in paragraph 12.  The  Plaintiff did not abandon the property but could not complete the work due to Patriot's failure to pay under the contracts.

13.     The Plaintiff admits that Patriot issued a notice on February 8, 2022, to the Plaintiff pursuant to paragraph 13.

14.     The Plaintiff admits in part and denies in part the allegations of paragraph 14. The Plaintiff admitted that on February 23, 2022, Patriot issued a notice of termination but denied that the Plaintiff failed to remedy its default.  The default was at the fault of Patriot for failing to pay for the work completed or make necessary adjustments to change orders.

15.     The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in paragraph 15.

16.     In response to paragraph 16, while the Plaintiff admits that on or about May 5, 2020, Patriot subcontracted with the Plaintiff for work to be completed at Building 4220 in the amount of $335,995.00, in addition to the original subcontract agreement, additional work orders and change orders were furnished and entered into with a total amount contracted at $380,445.00 for work to be completed on the Building 4220 project.

17.     In response to paragraph 17, the Plaintiff admits that it entered into a subcontract and that the terms of the contract speak for themselves.

18.     In response to paragraph 18, the Plaintiff admits that it entered into a subcontract and that the terms of the contract speak for themselves.

19.     The Plaintiff denies the allegations in paragraph 19.

20.     The Plaintiff denies the allegations in paragraph 20.

21.     The Plaintiff admits that Patriot issued a notice on February 8, 2022, to the Plaintiff pursuant to paragraph 21.

22.     The Plaintiff admits in part and denies in part the allegations of paragraph 22. The Plaintiff admitted that on February 23, 2022, Patriot issued a notice of termination, but denied that the Plaintiff failed to remedy its default. The default was at the fault of Patriot for failing to pay for the work completed or make necessary adjustments to change orders.

23.     The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations set forth in paragraph 23.

## COUNT ONE: BREACH OF CONTRACT
### (Building 3072)

24.     Paragraph 24 requires no response.

25.     The Plaintiff admits that the Plaintiff entered into a contract for Building 3072.

26.     The Plaintiff denies the allegations in paragraph 26.

27.     The Plaintiff admits in part and denies in part the allegations in paragraph 27.

28.     The Plaintiff denies the allegations in paragraph 28.

29.     The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 29.

30.     The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 30.

## COUNT TWO: BREACH OF CONTRACT
### (Building 4220)

31.     Paragraph 31 requires no response.

32.     The Plaintiff admits that the Plaintiff and Patriot entered into a subcontract related to Building 4220.

33.     The Plaintiff denies the allegations in paragraph 33.

34.     The Plaintiff admits in part and denies in part the allegations in paragraph 34.

35.     The Plaintiff denies the allegations in paragraph 35.

36.     The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 36.

37.     The Plaintiff is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 37.

## AFFIRMATIVE DEFENSES

1.     The Hartford fails to state a claim upon which relief may be granted.

2.     The Hartford's claims are barred by the terms of the Bond.

3.     The Hartford's claims are barred by the terms of the Subcontract.

4.     The Hartford's claims are barred by the doctrine of unclean hands.

3

5.    The Hartford's claims are strictly limited by and to the terms of the Miller Act and any claims not permitted under the Miller Act are barred.

6.    The Hartford's claims are barred to the extent that The Hartford failed to comply with the conditions precedent to the Miller Act claim.

7.    The Hartford's failure to provide plans or specifications that are free from defects.

8.    The Hartford's failure to act.

9.    Impossibility of performance. The work that the Plaintiff was supposed to perform was impossible to perform.

10.   The Hartford's failure to provide the Plaintiff notice and the failure to allow the Plaintiff to remedy any incomplete work.

11.   The Hartford's claims are barred by the doctrine of set off.

12.   There were material alterations of the underlying contract between the Plaintiff and the Defendants.

13.   The Hartford failed to mitigate damages.

14.   The Plaintiff denies all allegations not expressly admitted in this Answer.

15.   The Plaintiff reserves the right to assert defenses that are discovered during the Court's discovery in this matter.

WHEREFORE, the Plaintiff, Viorel Draghia, hereby requests that the Court deny all relief requested by The Harford Casualty Insurance Company, enter judgment in favor of the Plaintiff against The Harford Casualty Insurance Company and all requests as outlined in the Plaintiff's Complaint previously filed in this case and for such other and further relief as the nature of this cause may require.

                    /s/  Sarah E. Brown
                    Sarah E. Brown  (Federal Bar No. 1014784)
                    seb@hbdlaw.com

                    /s/  Brian D. Lyman
                    Brian D. Lyman (Federal Bar No. 27360)
                    HILLMAN, BROWN & DARROW, P.A.
                    221 Duke of Gloucester Street
                    Annapolis, Maryland 21401-2500
                    410-263-3131, (Fax) 410-269-7912
                    bdl@hbdlaw.com
                    Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of December, 2023, a copy of the foregoing Answer to Counterclaim has been filed electronically using the Court's CM/ECF electronic filing system and e-mailed to Michael C. Zisa, Esquire, at mzisa@pecklaw.com and to Jennifer L. Harris, Esquire, at jharris@pecklaw.com.

/s/  Sarah E. Brown
Sarah E. Brown
